### BECKER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department.   November 6, 1908.)

1. CARRIERS (§ 318*) — STREET RAILWAYS — SUBWAY STATIONS — LIGHTING — WARNING OF DANGER.
    Evidence *held* not to show that precautions taken by a carrier to keep its subway station lighted and to warn passengers against danger in boarding cars were not reasonably sufficient.
    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

2. CARRIERS (§ 321*)—STREET RAILWAYS—SUBWAYS—INJURIES TO PASSENGERS AT STATIONS—ACTIONS—INSTRUCTIONS—SUBMISSION OF ISSUE NOT IN CASE.
    In an action by a passenger against a subway carrier for injuries from stepping into an opening in the station platform while boarding a car, where it appeared that the station platform was crowded, but no negligence of defendant was claimed in respect thereto, a charge that defendant was not negligent in permitting crowding, but was obliged, in view thereof, to take such reasonable precautions as would reasonably protect its passengers from injury, was erroneous, because inapplicable and calculated to distract attention from the real issues.
    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 321.*]

Appeal from Trial Term, New York County.

Action by Anna J. Becker against the Interborough Rapid Transit Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Jos. H. Adams, for appellant.
James P. Niemann, for respondent.

SCOTT, J.   The defendant appeals from a judgment entered upon a verdict in plaintiff's favor and from an order denying a new trial. The plaintiff suffered slight injuries from slipping into the space between the platform and one of defendant's cars at the subway station on the east side of Broadway at Forty-Second street.   The platform is somewhat curved convexly, and, since the cars are straight-sided, there is a space of about 9½ inches at each end of each car between its platform and the edge of the station platform.

The plaintiff does not claim to hold defendant liable because of the existence of this unusually wide space, but insists that in view of the existence of the space it was the defendant's duty to take proper precautions to warn passengers of the existence of the space, and the question of the defendant's liability turned upon whether or not the precautions taken by defendant by way of lighting and warning were reasonably sufficient.   Upon this question we think that the verdict was against the evidence, which showed that the station itself was well lighted, that the defendant maintained a row of electric lights all along the station platform, just under the edge, and that the conductor of the car which the plaintiff sought to board, as well as another employé upon the station platform near at hand, constantly called out in loud voices, "Watch your steps!"   On the other hand, there is only the plaintiff's uncorroborated testimony that the station itself was

but dimly lighted, and that she did not notice the opening nor hear the warning.

It is not impossible that the verdict of the jury may have been influenced by a slight confusion as to the effect of the crowded condition of the station platform. The plaintiff testified that it was crowded, but did not attribute any negligence to the defendant by reason of such crowding. The court in the main charge instructed the jury, in effect, that if the plaintiff was pushed into the opening (which was not claimed) the defendant was not liable, but that the defendant was bound to foresee the ordinary perils of the traffic, including the crowding at certain times of day, and to take reasonable precautions against the effects of such perils. This portion of the charge amounted to the submission to the jury of a question which was not in the case. Upon his attention being called to this part of the charge, the learned justice withdrew it as charged, but in effect repeated it, saying :

"It is not negligence to permit crowding; but I say it is obliged, in view of the crowding, to take such reasonable precautions as will reasonably protect its passengers from injury."

This modification was excepted to, and, while it states the law correctly enough, it was inapplicable to the case on trial, and was calculated to distract the attention of the jurors from the real issues in the case.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.